STATE OF NORTH CAROLINA v. CHARLES MEEKS

No. 7326SC331

(Filed 8 August 1973)

**Robbery § 4— element of intent — specificity required in proof**

In a robbery prosecution the element of intent in the taking is satisfied by a showing that the taking was with intent permanently to deprive the rightful possessor of the use of the property, and it is not required that the State prove specifically whether defendant (1) intended to convert the property to his own use, or (2) intended to convert it to the use of another, or (3) intended to destroy it altogether so that no one could use it.

ON *certiorari* to review a trial before *Snepp, Judge,* at the 11 September 1972 Session of Superior Court held in MECKLEN-BURG County.

Defendant was charged in a bill of indictment with the felony of armed robbery. The State's evidence tended to show the following:

On 29 October 1971 Miss Rachel Brinkhoff was employed as bookkeeper for Family Loom, a wholesale buying office located at 1620 South Boulevard in Charlotte, N. C. At about 11:00 a.m. Miss Brinkhoff left the office to go to three banks to make deposits and to cash checks for fellow employees. She made the deposits and obtained cash in the sum of about $1630.00 for the fellow employees' checks.

At about 11:30 of that same morning, defendant and a companion went into the office of Family Loom. Defendant's companion asked about job openings and was given a blank employment application. An application blank was offered to defendant but he did not take one. Defendant and his companion stood, looking at the application for a few seconds. At that time Miss Brinkhoff entered the office with the bank bag in which she carried the cash from the fellow employees' checks. As she came in the door, defendant and his companion ran to her, scuffled with her saying "Give me that," and pulled the bag from her hands as she fell. Defendant and his companion ran out the door carrying the bank bag and the money. Defendant was identified by two employees who were in the office during the whole episode. Defendant offered no evidence.

The trial judge submitted the case to the jury only upon the offense of common law robbery. From a verdict of guilty of common law robbery and an active prison sentence, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Lila Bellar for the defendant.*

BROCK, Judge.

Defendant assigns as error portions of the trial judge's instructions to the jury. Defendant argues that the State must prove the specific intent of the defendant at the time he took the property, *i.e.*, (1) that he intended to convert the property to his own use, or (2) that he intended to convert it to the use of another, or (3) that he intended to destroy it altogether so that no one could use it. Defendant argues, therefore, that the jury must be instructed that they must be satisfied beyond a reasonable doubt as to which specific intent existed at the time of the taking.

This is a novel argument, but not a convincing one. It is true that the element of the intent in the taking may be satisfied by a showing of any one of the three listed specific intents. However, the element of intent in the taking is satisfied by a showing that the taking was with intent permanently to deprive the rightful possessor of the use of the property. The trial judge so instructed the jury.

Defendant's assignments of error are overruled.

No error.

Judges MORRIS and PARKER concur.